McMANUS, CLERK OF BOARD OF SUPERVISORS OF HARRISON COUNTY, *v.* STATE EX REL. KNOX, ATTY. GEN.*

(Division A.    Nov. 21, 1927.)

[114 So. 617.    No. 26659.]

1. STATUTES. *Statute changing time of reporting lands sold for taxes amends previous statutes by implication, and does not violate constitutional provision regarding inserting amended law at length (Constitution 1890, section 61; Hemingway's Code 1927, sections 6103, 6106, 6113, 6114; Laws 1920, chapter 231).*

Laws 1920, chapter 231, providing that no reports of tax sales of lands either purchased by state or individuals shall be made to land commissioner until after two years from date of tax sale, *held* to amend previous statutes, Hemingway's Code 1927, sections 6103, 6106, 6113, and 6114 (Code 1906, sections 2933, 2936,

Sept.,1927] McManus v. State ex rel. Knox. 385

148 Miss.]                        Syllabus.                          ،

2943, 2944), requiring county tax collector to transmit to state land commissioner certified list of land sold for taxes, and requiring amount of state taxes received from redemption of lands to be paid into state treasury, and does not violate Constitution 1890, section 61, providing that law revised or amended shall be inserted at length, and provisions of Code sections in conflict with Laws 1920, chapter 231, are necessarily repealed.

2. TAXATION. *State entitled to recieve from county amount of state taxes collected in redemption of land sold for taxes, and printers' fees (Hemingway's Code 1927, sections 1951, 6103, 6106, 6113, 6114; Laws 1920, chapter 231).*

Under Laws 1920, chapter 231, and Hemingway's Code 1927, sections 6103, 6106, 6113, 6114 (Code 1906, sections 2933, 2936, 2943, 2944), state was entitled to receive from Harrison county amount of state taxes collected in redemption of land sold for taxes as well as printers' fees, which state was, by section 1951 (Code 1906, section 2197), required to pay.

3. TAXATION. *State held entitled to twenty-five per cent. damages only on state taxes collected by county in redemption of land sold for taxes (Hemingway's Code 1927, sections 6103, 6106, 6113, 6114; Laws 1920, chapter 231).*

State *held* entitled to receive from county twenty-five per cent. only on amount of state taxes collected in redemption of land sold for taxes, under Hemingway's Code 1927, sections 6103, 6106, 6113, 6114, (Code 1906, sections 2933, 2936, 2943, 2944), and Laws 1920, chapter 231, and it was error to award writ of mandamus requiring issuance of warrant for amount, including state taxes and damages on both state and county taxes.

*Corpus Juris-Cyc. References: Statutes, 36Cyc, p. 1060, n. 76; p. 1063, n. 79; p. 1064, n. 85; p. 1076, n. 38; Taxation, 37Cyc, p. 1589, n. 40; p. 1594, n. 76, 77.

APPEAL from circuit court of Harrison county.
HON. W. A. WHITE, Judge.

Petition for mandamus by the state, on the relation of Rush H. Knox, attorney-general, to require Eustis Mc-Manus, clerk of board of supervisors of Harrison county, to issue to petitioner, for use and benefit of the state, warrants on the general county fund of Harrison county for a sum allowed by the board of supervisors. From a

judgment for petitioner, respondent appeals.    Reversed, and petition dismissed.

*T. M. Evans,* for appellant.

A warrant issued under an order which does not specify the statute under which it is allowed is void.    *Beck* v. *Allen,* 58 Miss. 143.    The failure of the order of the board of supervisors to recite any section of law under which the appropriation could be made, rendered the order void on its face.

In view of the existing statutes and rulings of the supreme court, if the legislature intended that the board of supervisors should transfer to the state treasury any portion of the funds received by reason of the redemption of lands from tax sales, it was and still is necessary for the legislature to enact further legislation authorizing the board to pay said money to the state treasury and defining the proportion to be paid into the state treasury.    Chapter 231, Laws of 1920, only authorized the chancery clerk to pay the redemption money into the county treasury and only authorized the board of supervisors to pay it out under existing laws.    This act is approved by our supreme court in *Hart* v. *Backstrom,* 113 So. 898, 148 Miss. 13.

Under the statute if the board of supervisors were authorized to pay any of said funds to the state of Mississippi the board would only be authorized to pay over to the state of Mississippi such amounts as was collected by the clerk and paid into the treasury as state taxes, together with damages and printers' fees thereon.

Chapter 231, Laws of 1920, required the redemption money to be paid into the county treasury, which had been done.    It was to be disposed of as now provided by law, and there was not then, and is not now any law authorizing the board of supervisors to issue a warrant payable to the state treasury or any one for him for the

money received from the chancery clerk for the redemption of lands sold for taxes.

The account was audited and disapproved as being incorrect. When chapter 231, Laws of 1920, said "to be disposed of as now provided by law" it clearly had reference to the law which provides how money shall be paid out of the county treasury and for what purposes it may be paid out of the county treasury which is expressly defined in section 3711, Hemingway's Code; and also had reference to sections 5268, 5269, 5278, 3712 and 3413, Hemingway's Code.

In this particular instance the order of the board of supervisors was void under section 3716, Hemingway's Code. Section 3717, Hemingway's Code, imposes a severe penalty of fine and imprisonment for making an unauthorized appropriation. Therefore, it was clearly intended under chapter 231, Laws of 1920, that the redemption money paid into the county treasury by the chancery clerk should be disposed of in the manner now provided by law for the appropriation of funds out of the county treasury and if it had been the intention of the legislature to have any portion of this money transferred by an order of the board of supervisors to the state treasury it would have been an easy matter to have said so.

*E. C. Sharp,* for appellee.

See sections 5268, 5269, 5271, Hemingway's Code. Section 5271, *supra,* is very similar to section 6972, which latter section deals with the lands sold to individuals, and provides for the redemption thereof within two years after the sale. It will be seen by these two sections that in the case where lands are sold to the state the twenty-five per cent damages collected are retained by the state, and when sold to individuals the twenty-five per cent damages are collected by the clerk and paid over to the individual who purchased the land at the sale.

In no event, does the county receive any benefit from or retain any part of the damages whether the land is sold to the state or to the individual.

Neither by the title nor the text of chapter 231, Laws of 1920, is there any law repealed or amended, and neither does this chapter provide, as is usually done, that all laws and parts of laws in conflict with this act be and they are hereby repealed, there being no repealing clause whatever in said bill, but by necessary implication it does repeal at least a part of sections 5268 and 5271 of Hemingway's Code, repealing these two sections to the extent of relieving the tax collector from reporting sales to the land commissioner, and placing upon the clerk of the chancery court the duty of attending to land redemptions until after a period of two years from the time of the tax sale. However, it specifically provides that all of the sums received therefor by the clerk shall be paid into the county treasury and disposed of as now provided by law; so it appears to us that the only question to be passed upon by this court in this case is how the land redemption money was disposed of prior to April 1, 1920.

Sections 5278 and 5279 show conclusively that it was never the intention of the legislature for the county to receive anything more than the amount of the county taxes, and that the printers' fee should be refunded to the state, having been paid by the state in the first instance, and the twenty-five per cent damages were to be retained by the state doubtless for the purpose of helping to defray the expenses of the land commissioner's office.

This theory is supported by chapter 176 of the Laws of 1912, and by the provisions of chapter 71 of the Laws of 1914.

Construing all of the statutes together it is clearly seen that the entire twenty-five per cent damages goes to the state and not to the county, there being no provision anywhere in the statutes for the county to receive any part of the damages, and inasmuch as chapter 231 of

the Laws of 1920 provides that all sums received by the chancery clerks shall be disposed of as now provided by law, that is as provided by law prior to April, 1920, the entire sum for which claim was filed with the board of supervisors in this case is now due the state of Mississippi.

Cook, J., delivered the opinion of the court.

Acting under chapter 231, Law of 1920, the chancery clerk of Harrison county collected during the years 1920 to 1926, inclusive, the sum of four thousand eight hundred nine.dollars and four cents, on account of land sold to the state for taxes and redeemed during the two years allowed by law for redemption. This sum was paid into the county treasury from time to time to the credit of the general county fund. No part of this sum has been remitted to the state treasurer in payment of the state tax on such land, printers' fees, and the twenty-five per cent. damages required to be collected when the lands were redeemed.

On behalf of the state, the attorney-general filed with the board of supervisors of said county claims for the amount of state taxes on said redeemed lands, the printers' fees, and the twenty-five per cent. damages on the total state and county taxes for which the land had been sold, and which had been paid into the county treasury. These claims were allowed by the board of supervisors, but the clerk of the board refused to issue warrants therefor; and thereupon the attorney-general filed a petition for mandamus to require the clerk to issue to petitioner, for the use and benefit of the state, warrants on the general county fund of Harrison county for the sum so allowed by the board of supervisors.

The petition for mandamus, among other things, alleged that, under and by virtue of the provisions of chapter 231, Laws of 1920, it is the duty of the said chancery clerk to attend to the redemption of lands sold for taxes

in such county; and, when land sold for taxes has been redeemed, it is the duty of said clerk to pay the sums received on account of such redemptions into the county treasury to be distributed as provided by law. And the law provides that said money shall be paid over to the state and the various taxing districts of the county according to the levies made therefor, after having paid the costs of such tax sales and expenses incident thereto.

To this petition, the respondent, the clerk of the board of supervisors, first filed a demurrer, the grounds of which may be briefly summarized as follows:

(1)    That the board of supervisors was without authority to make the allowances, for the reason that the claims were made under chapter 231, Laws of 1920, which requires that the funds derived from the redemption of land sold to the state for taxes shall be paid into the county treasury instead of the state treasury, and requires that the board of supervisors shall pay out such money as then provided by law, and there is no law authorizing the payment of any part of such redemption funds to the state.

(2)    Because section 2921, Code of 1906 (section 6091, Hemingway's 1927 Code), provides that the purchase money of tax lands forfeited and sold to the state shall be paid into the state treasury on the receipt warrant of the auditor, and makes no provision for payment of delinquent taxes on said lands to the county where said land is situated, while chapter 231, Laws of 1920, requires the chancery clerk to pay all money received as redemption for taxes into the county treasury, and does not provide for the payment of any redemption money into the state treasury from the county treasury.

(3)    Because sections 341 and 346, Code of 1906 (sections 4020 and 4025, Hemingway's 1927 Code), forbid the board of supervisors to allow a claim, unless there is marked on the claim a section of law authorizing the payment of same; and a warrant, issued under an order

which does not specify the statute authorizing the issuance of same, is void.

The demurrer was overruled, and thereupon the respondent answered the petition, setting up practically the same defenses as were asserted as grounds of demurrer; and also averring that the claims filed with the board of supervisors were audited by the respondent as clerk of the board of supervisors, and found incorrect; and that consequently the petition should be dismissed for the reason that section 343, Code of 1906 (section 4022, Hemingway's 1927 Code), makes it unlawful for the board of supervisors to allow a greater sum for any account, claim, or demand against the county than the amount actually due thereon, dollar for dollar; and any illegal allowance for such board may be inquired into by the proper tribunal or legal proceedings for that purpose whenever such matter may come into question in any case.

The answer further alleged that the account and claim as filed and allowed by the board of supervisors was incorrect, in that it includes the entire twenty-five per cent damages that had been collected on state and county taxes; while, if the state was entitled to recover any part of such damages it would only recover the twenty-five per cent damages on the state taxes for which the lands were sold. An itemized statement of the amount of state taxes, printers' fees, and twenty-five per cent damages on the state taxes which had been collected and paid into the county treasury was filed as Exhibit C to the answer, and, when the case came on for hearing, it was submitted to the circuit judge upon the pleadings and an agreed statement of facts reading as follows:

"It is agreed by and between the complainant and the defendant, by their attorneys of record, that, if the state is entitled to all of the twenty-five per cent. damages collected by the chancery clerk both on county and state taxes, the amounts allowed by the board of supervisors, as shown by the certified copy of their orders attached

to the petition, is correct; but, if the state is only entitled to receive twenty-five per cent damages on the amount of state taxes on the land for the year for which it was sold, then the account attached to the answer of defendant is correct.

"The only question now before the court is whether or not the state is entitled to recover the full amount of state tax, printers' fees and the entire twenty-five per cent. damages collected by the clerk on state and county taxes, or whether it is entitled to receive only the state tax, printers' fees, and twenty-five per cent. damages on the state taxes for the year for which land was sold."

The court below entered a judgment, ordering the issuance of the writ of mandamus commanding and requiring the clerk of the board of supervisors to issue to the attorney-general, for the use of the state, warrants for the sum allowed by the board of supervisors, which included the twenty-five per cent. damages collected by the chancery clerk on both county and state taxes, and from this judgment this appeal was prosecuted.

The statute in force prior to 1920 required the county tax collector to transmit to the state land commissioner a certified list of lands sold to the state for taxes, this provision of the statute appearing in section 2933, Code of 1906 (section 6103, Hemingway's 1927 Code), which reads, in part, as follows:

"If, upon offering the land of any delinquent taxpayer, constituting one tract, no person will bid for it the whole amount of the taxes and all costs, the collector shall strike off the same to the state, and he shall, on or before the first Monday of May thereafter, transmit to the land commissioner a certified list of the lands struck off by him to the state, specifying the day of sale and the amount of taxes for which the sale was made, and each item of cost incident thereto."

By section 2936, Code of 1906 (section 6106, Hemingway's 1927 Code), it was provided, among other things, that:

"The owner or any person interested in any land sold to the state for taxes may redeem it, or any part of it, where it is separable by legal subdivisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale to the state, by paying to the land commissioner the amount of all taxes for which the land was sold, and all the costs incident to the sale and all taxes and costs accrued thereon since the sale and twenty-five per cent on all taxes for which the land was sold added thereto."

The land commissioner was required to make monthly settlements with the state treasurer, and to pay into the state treasury all moneys received by him on account of redemption of lands sold for taxes, the statute so requiring being section 2943, Code of 1906 (section 6113, Hemingway's 1927 Code), which is as follows:

"The land commissioner shall make monthly settlements with the treasurer on account of money received in the redemption of land sold for taxes, and shall pay into the state treasury all money received by him in redemption, including the fees and commissions now collected under paragraph four of section 1882 of the Code; and shall send to the auditor a copy of such monthly settlements; and the amount of the county taxes and damages thereon, and the county taxes accrued subsequently to the sale for taxes, shall be placed to the credit of the proper county, and the levee tax, if any, shall be placed to the credit of the proper levee board."

Settlements with the county treasury for county taxes derived from the redemption of land sold to the state are provided for by section 2944, Code of 1906 (section 6114, Hemingway's 1927 Code), which reads as follows:

"At the end of each quarter of the year, commencing with the beginning of each fiscal year, the state treasurer shall forward to the county treasurer of each county a statement of the amount of money to the credit of his county in the state treasury arising from the redemption of land; and at the same time the land commissioner

shall forward to the clerk of the chancery court of each county a statement of the amount of such money in the state treasury to the credit of the county; and upon the application of the clerk, the auditor of public accounts shall draw his warrant on the state treasurer for the sum due the county, and shall deliver the same to the clerk, and the clerk shall deliver it to the county treasurer and charge him with it.''

Settlement with the county tax collector was provided for by section 2934, Code of 1906 (section 6104, Hemingway's 1927 Code), which reads as follows:

"The auditor, in his settlement with a tax collector, shall credit him with the correct amount of state taxes on only such state lands as are certified by the land commissioner as belonging to the state and with the legal fees of the publisher of the newspaper for advertising such land for sale; and the collector shall also be credited in his settlement of county or any other taxes with the correct amount of taxes on such lands so certified by the land commissioner.''

The legislature of 1920, by chapter 231, Laws of 1920, changed the provisions of the foregoing statutes in reference to the report of sales of lands sold to the state for taxes and the redemption thereof, by providing that:

"No reports of tax sales of lands either purchased by the state or by individuals shall be made to the land commissioner until after the period of two years from the date of tax sale, or the time allowed for redemption shall have expired. All redemptions shall be attended to by the clerks of the chancery courts of the respective counties, and the sums received therefor shall be paid into the county treasury, and disposed of as now provided by law. That after a period of two years from the date of such sales of lands for delinquent taxes shall have been made, then it shall be the duty of the chancery clerk to report all sales made to the state of lands which have not been redeemed, to the state land commissioner, to be dealt with as now provided by law.''

The appellant contends that all of the above-quoted Code sections are repealed or superseded by chapter 231, Laws of 1920, and that there is now no provision of law authorizing the board of supervisors to pay to the state any part of the money derived from the redemption of lands sold to the state for taxes; and that the provisions of said chapter 231 that such money shall be paid into the county treasury and disposed of as now provided by law simply means that the board of supervisors shall use and dispose of such money as other general county funds are disposed of. In support of this position, the further contention is made that no statute may be amended by implication, and to hold that these Code sections are amended by the said chapter 231, in so far as the provisions of the latter act are in conflict with the provisions of these sections, would render the said chapter 231 violative of section 61 of the Constitution (1890) which provides that:

"No law shall be revived or amended by reference to its title only, but the section or sections, as amended or revived, shall be inserted at length."

This question was considered in the case of *Hart* v. *Backstrom* (Miss.), 113 So. 898, — Miss. —, in which it was contended that the said chapter 231 amended the above-quoted section 2933, Code of 1906 (section 6103, Hemingway's 1927 Code), and, in so doing, violated section 61 of the Constitution; and the court there held that, although the said chapter 231 did amend the above-named section of the Code, still the chapter is complete within itself so far as the subject of legislation therein treated is concerned, and therefore it did not violate section 61 of the Constitution. What was there said as to the effect of chapter 231 on said section 2933 applies in determining the effect of the said chapter on sections 2936, 2943, and 2944, Code of 1906 (sections 6106, 6113, and 6114, Hemingway's 1927 Code). In so far as this chapter is in conflict with the provisions of these Code sections, they are necessarily repealed; but, by the express provision of

the said chapter 231, we must look to the provisions of law in force at the time of its passage to determine the ultimate depository of the money derived from the redemption of lands sold to the state for taxes.

The manifest purpose of the said chapter 231 is to change the time of making reports to the land commissioner of lands sold to the state for taxes, and to require that redemptions be made through the agency of the chancery clerk instead of the land commissioner; but we do not think it was the purpose of the act to change the ultimate disposition of the money derived from such redemptions. Under the provisions of law as they existed at the time of the passage of chapter 231, the amount of state taxes received from the redemption of lands sold for taxes was required to be paid into the state treasury, while the amount of the county taxes was required to be credited to the county and to be paid to the county at the end of each quarter of the year. We conclude, therefore, that the state is now entitled to receive from the county the amount of the state taxes collected in the redemption of lands sold for taxes, as well as the printers' fees, which the state is by section 2197, Code of 1906 (section 1951, Hemingway's 1927 Code), required to pay.

Upon the question as to whether or not the state is entitled to recover the full amount of state taxes and the entire twenty-five per cent. damages collected by the clerk on state and county taxes, or whether it is entitled to receive the state taxes and the damages thereon only—the sole question presented by the agreed statement of facts—we think the only damages the state is entitled to receive are those collected on state taxes. This appears manifest from section 2943, Code of 1906 (section 6113, Hemingway's 1927 Code), which required the auditor to credit to the proper county the amount of the county taxes and damages thereon. Under the distribution of the money received from the redemption of lands sold to the state for taxes, as provided by law at the time of the passage of chapter 231, Laws of 1920, the state retained

the state taxes and the damages collected thereon, while the county received the county taxes and damages thereon. It was therefore error to award a writ of mandamus requiring the issuance of a warrant for an amount which included the state taxes and damages on both state and county taxes; consequently, the judgment of the court below will be reversed and the petition dismissed.

*Reversed, and petition dismissed.*